J-S36005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
JONATHAN VENESKY,   :
  :
           Appellant   :   No. 102 EDA 2018

Appeal from the PCRA Order, December 4, 2017,
In the Court of Common Pleas of Chester County,
Criminal Division at No(s): CP-15-CR-0002345-2001,
CP-15-CR-0002346-2001.

BEFORE: GANTMAN, P.J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY KUNSELMAN, J.:         **FILED AUGUST 24, 2018**

Jonathan Venesky appeals from the order denying as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Venesky's counsel has filed an application to withdraw. We grant counsel's application to withdraw and affirm the order denying Venesky post-conviction relief.

The pertinent facts and procedural history are as follows: On November 14, 2001, Venesky entered a negotiated guilty plea of involuntary deviate sexual intercourse at CP-15-CR-0002345-2001, and to rape at CP-15-CR-0002346-2001. In accordance with the plea agreement, the trial court sentenced him to an aggregate ten to twenty years of incarceration and a consecutive five-year probationary term. The trial court also required Venesky to register as a sex offender under a now expired version of Megan's Law.

Venesky filed a timely appeal to this Court. On October 16, 2003, this Court affirmed Venesky's judgment of sentence. *See Commonwealth v. Venesky*, 839 A.2d 1165 (Pa. Super. 2001) (unpublished memorandum). Venesky did not file a petition for allowance of appeal to the Pennsylvania Supreme Court. On January 5, 2012, he filed a *pro se* PCRA petition, and the PCRA court appointed counsel for him. On February 23, 2012, PCRA counsel filed a "no-merit" letter and petition to withdraw pursuant to the dictates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On April 13, 2012, the PCRA court issued notice of intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Venesky filed numerous responses. By order entered March 21, 2013, the PCRA court dismissed Venesky's first petition as untimely. He did not file an appeal.

On August 24, 2017, Venesky filed a second counseled PCRA petition, in which he challenged the applicability of sex offender registration in light of the Pennsylvania Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1180 (Pa. 2017).[1] The PCRA court held a hearing on December 4, 2017. By order entered that same day, the PCRA court denied the petition. This

---

[1] Although Venesky entitled this filing as a "Motion to Bar the Applicability of Sex Offender Registration and/or Petition for Writ of Habeas Corpus," the PCRA Court properly treated it as a second PCRA petition. *See infra*.

appeal follows. Both Venesky and the PCRA court have complied with Pa.R.A.P. 1925.

In lieu of an advocate's brief, Venesky's counsel has filed an application to withdraw, a copy of her no-merit letter, and accompanying argument pursuant to the dictates of *Turner*/*Finley*, *supra*. According to counsel, Venesky's second petition is untimely, and *Muniz* does not establish an exception to the PCRA's time bar. Thus, we will assess counsel's assertion that the issue Venesky wishes to raise on appeal has no merit under a *Turner*/*Finley* analysis.

This Court has summarized:

> The *Turner*/*Finley* decisions provide the manner for post[-]conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or [an] appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his [or her] review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, *see Turner*, *supra*, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit[.]
>
> [T]his Court [has] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. . . . [C]ounsel is required to contemporaneously serve upon his [or her] client his [or her] no merit letter and application to withdraw along with a statement that if the court granted counsel's withdraw request, the client may proceed *pro se* or with a privately retained attorney[.]

*Commonwealth v. Reed*, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted). Counsel has complied with the mandates of *Turner* and *Finley*, as summarized in *Reed*, *supra*. Thus, we must determine whether we agree with counsel's assessment of Venesky's claim.

We must first determine whether Venesky's counsel and the PCRA correctly determined that Venesky's second petition for post-conviction relief was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] 42 Pa.C.S.A. § 9545. A PCRA petition

_____

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

- 4 -

invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); ***see also*** 42 Pa.C.S.A. § 9545(b)(2).  Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal.  ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

Here, because Venesky did not seek further review after we affirmed his judgment of sentence on October 16, 2003, his judgment of sentence became final on November 17, 2003.[3]   Thus, for purposes of the PCRA's time bar, Venesky had to file his second petition by November 17, 2004.  As he filed his second petition in 2017, it is patently untimely, unless Venesky has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.  ***See Hernandez***, ***supra***.

_____

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[3] The thirtieth day fell on a Saturday.  ***See*** 1 Pa.C.S.A. § 1908.

Venesky has failed to prove any exception to the PCRA's time bar. Within his second PCRA petition, Venesky relied upon our Supreme Court's recent decision in **Commonwealth v. Muniz**, 164 A.3d 1180 (Pa. 2017), as establishing a "new constitutional right" pursuant to 42 Pa.C.S.A. § 9545 (b)(1)(iii). Subsection 9545(b)(1)(iii) applies only when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section **and** has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). This Court has reiterated:

> Subsection (iii) of section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or th[e Pennsylvania] Supreme Court after the time period provided in this section. Second, it provides that the right "has been held" by that court to apply retroactively. The language "has been held" is the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

**Commonwealth v. Garcia**, 23 A.3d 1059, 1063 (Pa. Super. 2011) (citations omitted).

Here, both Venesky's counsel and the PCRA court have correctly concluded that, because his second petition was untimely, and our Supreme

Court has yet to hold that its decision in **Muniz** applies retroactively, Venesky

is not entitled to post-conviction relief.[4]  As this Court recently explained:

> Here, we acknowledge that **this Court** has declared that, "**Muniz** created a substantive rule that retroactively applies in the collateral context." **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678 (Pa. Supper. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in **Rivera-Figueroa**), he must demonstrate that **Muniz** applies retroactively in order to satisfy section 9545(b)(1)(iii).  **See** [**Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002)].  Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on **Muniz** meet the timeliness exception.

**Commonwealth v. Murphy**, 180 A.3d 402, 405-06 (Pa. Super. 2018)

(emphasis in original; footnote omitted).  Here, Venesky's second PCRA

petition is untimely.  Thus, he cannot rely on **Muniz** to establish an exception

to the PCRA's time bar.[5]

   In sum, our review of the record supports counsel's assessment that

Venesky's appeal is wholly frivolous at this time based on current law.  Thus,

we grant her application to withdraw.  Moreover, because Venesky has not

established an exception to the PCRA's time bar, the PCRA court correctly

_____

[4] Our review of the record supports the PCRA court's finding that Venesky filed his second PCRA petition within sixty days of the **Muniz** decision.  **See** PCRA Court Order, 12/4/17, at 1 n.1.

[5] Importantly, the PCRA court denied Venesky's petition without prejudice "to raise his claims again (if and/or when) the Supreme Court makes its decision in (**Muniz**) retroactive for the purposes of the time filing requirements of 42 Pa.C.S.A. § 9545." **See** Order, 12/4/17, at 1.

determined that it lacked jurisdiction to consider his second PCRA petition. We therefore affirm its order denying post-conviction relief.

Application to withdraw granted. Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *8/24/2018*